**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEVIN KENNETH JOHNSON,           :
                                 :   Civil Action No. 08-0227 (RMB)
         Plaintiff,              :
                                 :
    v.                           :   **OPINION**
                                 :
ERIC TAYLOR, et al.,             :
                                 :
         Defendants.             :

**APPEARANCES:**

Plaintiff pro se
Kevin Kenneth Johnson
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08102

**BYMB**, District Judge

Plaintiff Kevin Kenneth Johnson, a pre-trial detainee confined at Camden County Correctional Facility in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Approximately one week before his arrest in June 2007, Plaintiff sustained twelve bullet wounds. In July 2007, Plaintiff was released from the hospital and became confined at Camden County Correctional Facility.

Plaintiff alleges that certain medical and corrections personnel at Camden County Correctional Facility have refused to provide prescribed or otherwise appropriate diagnostic procedures and treatment related to his bullet wounds and Bell's Palsy.[1] This Court construes these allegations as a claim that the named defendants failed to provide appropriate medical care in violation of Plaintiff's rights under the Due Process Clause.

---

[1] The Complaint contains detailed allegations of refusal to provide appropriate care including, for example, refusal to schedule a CT-scan, without which he cannot be scheduled for an MRI, both of which are prerequisites to development of an appropriate physical therapy plan. The defendants alleged to have refused to provide appropriate care include Warden Eric Taylor, Health Care Administrator Carolyn Holt, nurse Kimberlee Adams, and Dr. Larry Pettis.

2

In addition, Plaintiff alleges that certain defendants threatened to transfer him to a wing where his life would be at risk from other inmates, as evidenced by the fact that there was a documented "separation" from a particular inmate and his associates then housed on that wing.[2]  Because of the intervention of another corrections official, that threatened transfer never took place.  This Court construes this as a claim that the named defendants threatened or harassed Plaintiff, in violation of his rights under the Due Process Clause.

Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain <u>in forma pauperis</u> and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

---

[2] The defendants alleged to have violated Plaintiff's rights by this threatened transfer include nurse Kimberlee Adams and Lieutenant Peter Farlow, who allegedly told Plaintiff that he could not countermand the transfer order of a member of the medical staff, that is, nurse Kimberlee Adams.

3

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).  See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,

1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).[3]

## IV.  ANALYSIS

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment.  See Hubbard v. Taylor, 399 F.3d 150  (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).  Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979).  Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. ...
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however.  Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. ...

---

[3] Plaintiff makes no factual allegations against Deputy Warden Anthony Pizarro.  Instead, Plaintiff appears to base his claim against Deputy Warden Pizarro on an untenable theory of vicarious liability.  Accordingly, all claims against Deputy Warden Pizarro will be dismissed without prejudice for failure to state a claim.

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.  Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]."  Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees <u>qua</u> detainees.  ...

441 U.S. at 535-39 (citations omitted).  The Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  441 U.S. at 540.  Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives.  441 U.S. at 539 n.20.  Nor are grossly exaggerated responses to genuine security considerations.  <u>Id.</u> at 539 n.20, 561-62.

8

Plaintiff's claim of refusal to provide appropriate medical care is sufficient to avoid dismissal at this screening stage of the litigation.

The Complaint, however, fails to state a claim for violation of the Due Process Clause arising out of the threatened transfer to a dangerous wing of the jail. The allegation that a nurse on one occasion threatened to move Plaintiff to a dangerous wing, and that a corrections official refused to countermand that threat, while a second corrections official intervened to stop the threatened transfer, fails to rise to "punishment" in violation of the Due Process Clause.

In a similar context, under the Eighth Amendment, mere threats or verbal harassment fail to rise to the level of cruel and unusual punishment. As the United States Supreme Court has stated, "intentional harassment of even the most hardened criminals cannot be tolerated by a civilized society." Hudson v. Palmer, 468 U.S. 517, 528 (1984). The Eighth Amendment protects prisoners against "calculated harassment." Id. at 530. Generally, however, mere verbal harassment does not give rise to a constitutional violation. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (vulgar language); Rivera v. Goord, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000)(verbal harassment does not violate

inmate's constitutional rights); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185 (D.N.J. 1993); <u>Murray v. Woodburn</u>, 809 F. Supp. 383 (E.D. Pa. 1993); <u>Douglas v. Marino</u>, 684 F. Supp. 395 (D.N.J. 1988).  Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983.  <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him). However, threatening language coupled with the threatening use of a weapon and outrageous conduct by prison personnel may indicate a constitutional deprivation.  <u>Douglas</u>, 684 F. Supp. at 398 (brandishing a butcher knife in close proximity to prisoner and threatening to kill him may amount to a constitutional violation); <u>see also</u> <u>Northington v. Jackson</u>, 973 F.2d 1518 (10th Cir. 1992) (gun was put to prisoner's head); <u>Burton v. Livingston</u>, 791 F.2d 97 (8th Cir. 1986)(guard threatened to shoot prisoner).

Similarly, here, the mere threat to move Plaintiff to a dangerous wing of the jail, on a single occasion, which was stopped before any transfer took place, does not amount to "punishment" in violation of the Due Process Clause.  This claim must be dismissed with prejudice.

V.  <u>CONCLUSION</u>

For the reasons set forth above, the "harassment" claim must be dismissed with prejudice, pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.  The medical-care claim may proceed. An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: May 28, 2008